UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RACHAEL GREWELL,<br><br>          Plaintiff,<br><br>     v.<br><br>ALDOUS & ASSOCIATES, P.L.L.C.,<br><br>          Defendant. | Case No. 23-cv-01403-NC<br><br>**ORDER SCREENING AMENDED COMPLAINT; ORDERING SERVICE**<br><br>Re: ECF 9 |

Plaintiff Rachael Grewell alleges Defendant Aldous & Associates, P.L.L.C. violated both state and federal debt collection statutes. The Court previously granted Grewell's motion to proceed in forma pauperis. ECF 8. The Court also screened Grewell's initial complaint and granted her leave to amend. *Id.* Grewell timely filed an amended complaint. ECF 9 ("AC"). Accordingly, the Court screens the amended complaint under 28 U.S.C. § 1915(e). Grewell alleges facts showing that Aldous & Associates, P.L.L.C. received her cease-and-desist letter in her amended complaint. Grewell also addressed Defendant's response date. Because Grewell satisfies the requirements of § 1915, the Court orders service on the defendant.

## I. SCREENING UNDER 28 U.S.C. § 1915(e)

If a party is permitted to proceed in forma pauperis, the Court must "dismiss the case at any time if . . . the action or appeal fails to state a claim on which relief may be

1   granted." 28 U.S.C. § 1915(e)(2)(B).  A complaint states a claim upon which relief may be

2   granted if it contains a "short and plain statement of the claim showing that the pleader is

3   entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For purposes of determining if a plaintiff has

4   met this standard, courts assume all factual allegations in the complaint are true.  *Steinle v.*

5   *City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019).  However, courts will

6   not accept mere "labels and conclusions or a formulaic recitation of the elements of a

7   cause of action" in lieu of factual assertions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.

8   Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citations omitted).  While plaintiffs are

9   not required to plead thoroughly detailed allegations, there must be "sufficient factual

10  matter . . . to state a claim to relief that is plausible on its face."  *Id*.

## II.   DISCUSSION

12       Grewell asserts two causes of action in the amended complaint: (1) violation of 15

13  U.S.C. § 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA"), and (2) violation

14  of California' Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  While both of

15  the statutes share similar elements, the Court will address each separately.

### A.   Violation of the Fair Debt Collection Practices Act

17       The FDCPA "prohibits 'debt collector[s]' from making false or misleading

18  representations and from engaging in various abusive and unfair practices."  *Heintz v.*

19  *Jenkins*, 514 U.S. 291, 292 (1995).  To state a claim under the FDCPA, a plaintiff must

20  allege facts establishing that: "(1) the plaintiff must be a 'consumer'; (2) the defendant

21  must be a 'debt collector'; and (3) the defendant must have committed some act or

22  omission in violation of the FDCPA."  *Vera v. FlexShopper, LLC*, No. 22-cv-01797-JSC,

23  2022 WL 4472069, at *3 (N.D. Cal. Sept. 26, 2022).

### 1.   Plaintiff is a "Consumer" Under the FDCPA

25       A "consumer" is "any natural person obligated or allegedly obligated to pay any

26  debt."  15 U.S.C. § 1692a(3).  Likewise, a "debt" is "any obligation or alleged obligation

27  of a consumer to pay money arising out of a transaction in which the money, property,

28  insurance, or services which are the subject of the transaction are primarily for personal,

United States District Court
Northern District of California

family, or household purposes." 15 U.S.C. § 1692a(5).

Grewell alleges she learned of the debt after obtaining her credit reports. AC ¶ 9. The alleged debt appears to arise out of a personal transaction of "$506.00, allegedly owned to Gold's Gym South Salinas." *Id*. ¶ 10. Grewell is purportedly obligated to pay this debt, as stated in the dunning letter that "This is an attempt to collect a debt." *Id*. ¶ 13. Therefore, Grewell has sufficiently satisfied that she is a "consumer" under the FDCPA.

### 2.    Defendant is a "Debt Collector" Under the FDCPA

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Turning again to the dunning letter, Grewell asserts Defendant stated, "This communication is from a debt collector." AC ¶ 13. Although Grewell's allegations are sparse, courts have found identical language to be indicative of a party's status as a debt collector under the FDCPA. *See Myrette-Crosley v. Ditech Home Loans*, No. 3:17- cv-05528-JD, 2018 WL 3159727, at *2 (N.D. Cal. June 28, 2018) (noting defendant's "wholly untenable position" denying its status as a debt collector when the delinquency letter expressly stated: "This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose"). Grewell has adequately pled that Defendant is a "debt collector" under the FDCPA.

### 3.    Violation of the FDCPA

Grewell alleges Defendant violated 15 U.S.C. § 1692c(c). The statute states:

> "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except
>> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."

15 U.S.C. § 1692c(c).  If the notice is made by mail, notification to the debt collector is "complete upon receipt."  *Id.*

Grewell alleges she sent a letter "refusing to pay the debt" by certified mail to Defendant on August 26, 2022.  AC ¶ 11.  Defendant purportedly responded with a dunning letter on September 6, 2022.  *Id.* ¶ 13.  Grewell alleges she experienced "anger, anxiety, decreased ability to focus on task while at work, frustration . . . as well as suffering from unjustified abusive invasions of personal privacy" as a result of receiving the violative dunning letter.  *Id.* ¶ 14.  Grewell states an adequate claim for relief under the FDCPA.[1]

### B.    Violation of the Rosenthal Fair Debt Collection Practices Act

Grewell also alleges Defendant violated California Civil Code § 1788.17.  "The Rosenthal Act mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations."  *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (citing Cal. Civ. Code § 1788.17).  Under this statute, a debt collector attempting to collect a consumer debt must "comply with the provisions of Sections 1692b to 1692j of the FDCPA."  Cal. Civ. Code § 1788.17.  To bring a claim under the RFDCPA the plaintiff must demonstrate that (1) they are a "consumer," (2) the defendant is a "debt collector," and (3) the defendant violated the FDCPA.  *Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009).  "[A]ny conduct by a debt collector which violates the federal FDCPA necessarily violates the California FDCPA [otherwise known as the Rosenthal Act] as well."  *Id.* at 1060.

As addressed above, Grewell has adequately alleged that she is a "consumer," the Defendant is a "debt collector," and the Defendant violated the FDCPA § 1692c(c).

---

[1] The Court addressed the standing of Grewell's emotional distress claims in the previous screening order.  ECF 8.  The plaintiff has not made any changes to these claims. The Court defers further analysis on these claims and potential arguments on plaintiff's standing to sue.

1  Because she meets each of these requirements, Grewell states a viable claim under the

2  RFDCPA.

3  **III.  CONCLUSION**

4        Based on the foregoing, the amended complaint as pleaded complies with Rule 8.

5  Thus, the Court FINDS that Grewell's amended complaint states a plausible claim for

6  relief against the Defendant such that service is warranted.  This finding is without

7  prejudice to the Defendant filing a motion to dismiss.  The Court ORDERS the U.S.

8  Marshals Service to serve the Defendant with a summons and copy of the amended

9  complaint.

10        All parties are directed to indicate whether they consent or decline the jurisdiction

11  of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).  Any party is free to withhold

12  consent without adverse consequences.  A consent/declination form is attached to this

13  order.

14        **IT IS SO ORDERED.**

15

16  Dated:  June 20, 2023                   _____

17                                          NATHANAEL M. COUSINS
                                            United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California